# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### JUDGMENT IN A CIVIL CASE

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL NO. 43 PENSION
FUND, by Sheila Fitzmaurice, as Plan Manager;
INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL NO. 43 HEALTH AND WELFARE
FUND, by Sheila Fitzmaurice, as Plan Manager;
INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL NO. 43 ANNUITY FUND, by Sheila
Fitzmaurice, as Plan Manager; CENTRAL NEW YORK
ELECTRICAL TRAINING ALLIANCE, by Raymond
Tucker, as Training Director; CENTRAL NEW YORK
LABOR MANAGEMENT COOPERATION COMMITTEE,
by Alan Marzullo and Marilyn Oppedisano, as Trustees;
NECA-IBEW NATIONAL LABOR-MANAGEMENT
COOPERATION COMMITTEE TRUST FUND, by its
Board of Trustees; FINGER LAKES NEW YORK
CHAPTER, NATIONAL ELECTRICAL CONTRACTORS
ASSOCIATION, by Marilyn Oppedisano, Chapter Manager;
and I.B.E.W. LOCAL UNION NO. 43, by Alan
Marzullo, as Business Manager,

                Plaintiffs

vs.                                      **CASE NUMBER: 5:23-cv-1036 (FJS/ML)**

JOHN A. GREENE individually and
d/b/a UNIFIED ELECTRIC

                Defendant

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Plaintiffs' motion for entry of a default judgment against Defendant, see Dkt. No. 14, is GRANTED; and the Court further ORDERS that Plaintiffs are awarded judgment against Defendant John A. Greene doing business as Unified Electric, for the sum of $30,372.88 in fringe benefit contributions, interest, liquidated damages, audit fees, attorney's fees and costs, plus interest on that amount

from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), and that Plaintiffs have execution therefore; and the Court further ORDERS that Plaintiffs shall serve a copy of this Memorandum-Decision and Order on Defendant by certified mail return receipt requested and shall file an affidavit of service, together with the certified mail receipt, demonstrating that service has been effected; and the Court further ORDERS that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendant consistent with this Memorandum-Decision and Order.

All of the above pursuant to the order of the Honorable **Frederick J. Scullin, Jr.**, dated September 30, 2024.

DATED: September 30, 2024

*/s/ John Domurad*
Clerk of Court

*/s/ Rose Pieklik*
_____
Rose Pieklik
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.